# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

---

AARON CORBIN MAZIE,

Plaintiff,

v.

DISTRICT OF NEW JERSEY,

Defendant.

Civil Action No. 25-cv-_____

COMPLAINT AND MOTION TO PROCEED IN FORMA PAUPERIS

*RECEIVED*
*AT 8:30*
*CLERK, U.S. DISTRICT COURT - DNJ*
*JAN 08 2025*
*M*

---

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, to redress violations of rights secured by the Fourth and Fifth Amendments.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action — including the warrantless arrest and denial of due process — occurred in Morris County, New Jersey, under the jurisdiction of the D.N.J. courts.

---

## II. PARTIES

3. Plaintiff Aaron Corbin Mazie is a natural person residing at 1617 S 16th Street, Philadelphia, PA 19145.

4. Defendant District of New Jersey is a judicial district of the United States responsible for the administration of state and federal judicial processes in New Jersey, including the actions of its law enforcement officers and judicial officers at issue in this Complaint.

---

## III. STATEMENT OF FACTS

5. On February 26, 2024, Plaintiff was arrested from his leased residence at 74 Brittin Street, Madison, NJ 07940, where he had lived for nearly a decade.

6. At the time, Plaintiff was exercising his Fourth Amendment right to privacy and Fifth Amendment right to remain silent while behind his locked apartment door.

7. Law enforcement officers entered the premises without a warrant, forcibly picked the lock, and arrested Plaintiff for "obstruction of justice."

8. Plaintiff was denied in-person access to the Final Restraining Order (FRO) hearings. The hearings were held in his absence.

9. Plaintiff submitted a motion for reconsideration of the FRO in the New Jersey courts. The court issued a receipt of hearing, acknowledging that the FRO hearing was scheduled without compliance with N.J. Ct. R. 1:6-3, which requires action within the 16-day return date.

10. The proposed order from Plaintiff's motion for reconsideration requested:

   o Damages of $100.1 billion for irreparable harm caused by the unlawful arrest, denial of rights, and ongoing injury;

   o Dismissal of the FRO and any related cross-claims; and

   o Recognition of the related bench warrant in Morris County as frivolous, improper, de minimis, and its related proceeding ab initio.

11. The actions of the District of New Jersey constitute ongoing violations of Plaintiff's constitutional rights, including:

   o Warrantless arrest in violation of the Fourth Amendment;

   o Denial of the right to be present at judicial proceedings;

   o Denial of due process under the Fifth Amendment;

   o Ongoing irreparable harm to Plaintiff's personal, financial, and reputational interests.

## IV. CLAIMS FOR RELIEF

### Count I – Fourth Amendment Violation (42 U.S.C. § 1983)

12. Plaintiff was unlawfully arrested without a warrant, consent, or exigent circumstances, in violation of his Fourth Amendment rights.

### Count II – Fifth Amendment / Due Process Violation (42 U.S.C. § 1983)

13. Plaintiff was denied in-person access to the FRO hearing and related judicial proceedings, depriving him of the opportunity to be heard and defend himself.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

a. Vacate the FRO and any associated cross-claims;

b. Award damages of $100.1 billion for unlawful arrest, denial of rights, and ongoing harm;

c. Declare the warrantless arrest unconstitutional;

d. Expunge any records related to this arrest or subsequent hospitalizations that came as a result of this arrest;

e. Grant any additional relief the Court deems just and proper.

## VI. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff requests that the Court waive all filing fees, pursuant to 28 U.S.C. § 1915, because:

1. Plaintiff's prior filing fee was returned and the financial burden of paying it again is substantial;

2. Plaintiff's claims arise from constitutional violations and irreparable harm caused by the District of New Jersey, making the matter compelling and in the public interest;

3. Denial of IFP would effectively prevent Plaintiff from seeking redress for unlawful government action.

Plaintiff has enclosed a motion for reconsideration of the FRO in New Jersey, which is central to the relief sought in this Complaint.

---

## VII. SIGNATURE

Respectfully submitted,

/s/ Aaron Corbin Mazie

Plaintiff, Pro Se

1617 S 16th Street

Philadelphia, PA 19145

Original Complaint Date: December 3, 2025

---

## Enclosures

1. Motion for Reconsideration of FRO (NJ)

2. AO 239 – Application to Proceed In Forma Pauperis

3. Proposed Complaint

4. Electronic Notices Motion

December 23, 2025